THE MEMPHIS BROKERAGE ASSOCIATION in error *v.* HUGH B. CULLEN, Clerk of the County Court of Shelby County.

PRIVILEGE TAX. *Dealers in futures.* A person who receives orders to buy or sell in New York or elsewhere, produce for delivery at a future time, who executes these orders through correspondents, he having no pecuniary interest in the transaction further than charging commissions is a dealer in futures, and under the act of 1883 is liable to a tax of $1,000.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

WRIGHT, FOWLKS & WRIGHT for Association.

ATTORNEY-GENERAL LEA for Cullen.

COOKE, Sp. J., delivered the opinion of the court.

This is an agreed case, the facts are as follows: "The plaintiff in error is a corporation chartered under the laws of Tennessee, and doing business in Memphis by virtue of its said charter, and has been since the 25th of January, 1883. Said plaintiff in error, under its charter, is alone authorized in a "general brokerage business in agricultural products, such as cotton, corn, wheat, and in general produce, such as lard, pork, bacon, etc, and in stocks, bonds, gold, etc," and that said association is engaged in carrying on business strictly in accordance with its said charter, powers and authority.

That said association, as a part of the said business, receives orders from the general public, that is, from any person who desires to engage its services to purchase or sell in New York and Chicago, in behalf and on account of the person so ordering, for delivery at a future period, cotton, corn, general produce, stocks, bonds, etc., that it executes such orders by means of and through its correspondents in New York and Chicago, who purchase or sell in compliance with the orders received from said association; and that said association demands and receives from the person or persons so giving it the orders to buy or sell, as aforesaid, a commission for its services in that behalf, and has no further or other interest of a pecuniary character in the said transaction, and

that in no instance does said association itself buy or sell said articles for future delivery, but its sole connection with such buying and selling is to transmit the said orders to persons in Chicago and New York with whom said association is in correspondence as aforesaid.

It is further agreed that when said orders of purchase or sale are given to said association, it requires of the person or persons so ordering as aforesaid, a deposit of money for the purpose of protecting the buyer or seller in New York or Chicago, as aforesaid, against loss by reason of fluctuations in the market in the value of the commodity so bought or sold. Said deposit, or, as it is called, "margin," being transmitted by said association to its said correspondents in New York and Chicago, to be held for the purpose aforesaid.

By the act of 1883, ch. 106, sec. 4, brokers (other than real estate brokers) in cities of 20,000 inhabitants or over are taxed $200; and dealers in *futures* $1,000 per annum. The defendant, as clerk of the county court, claimed that the plaintiff was a dealer in futures within the meaning of said act, and demanded that it should pay a license as such, which being refused, he issued a distress warrant to collect the same, and was about to levy it upon the property of the plaintiff, whereupon it paid said tax so demanded for one quarter ($250 State and $25 county) under protest, and instituted this suit to recover the same, the plaintiff having taken out a broker's license.

The only question for determination is, do the facts above set forth constitute the plaintiff a dealer in futures, and under it liable for said tax.

The case was tried by the circuit court, who held the plaintiff was such dealer in futures, and rendered judgment in favor of the defendant, and the plaintiff appealed.

We think the judgment of the circuit court was correct, and that the plaintiff was a dealer in futures within the meaning of said act, and liable to pay said tax.

The fact that it carried on said business in connection with and for the benefit of others without the State, as well as its own, can make no difference.

Let the judgment be affirmed.